**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELLY TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01225 |
| ) | |
| MCCOY SERVICES, INC ) | Hon. Nancy L. Maldonado |
| ) | |
| Defendant. ) | |
| ) | |

**PARTIES' INITIAL
JOINT STATUS REPORT**

Plaintiff, Kelly Terry ("Plaintiff"), and Defendant, McCoy Services, Inc. ("Defendant"), by and through their undersigned attorneys, hereby submit the following joint initial status report:

**1.      The Nature of the Case.**

**a. Identify the attorneys of record for each party, including the lead trial attorney.**

For Plaintiff:

SULAIMAN LAW GROUP, LTD.
Alexander Taylor (Lead Trial Attorney)
2500 South Highland Ave., Suite 200
Lombard, IL 60148
ataylor@sulaimanlaw.com

For Defendant:

Meghan E. Preston (ARDC: 6293577)
Mario P. Carlasare (ARDC: 6308707)
Voorn, Jaworski, & Preston, PLLC
1938 E. Lincoln Highway, Suite 219
New Lenox, IL 60451
(815) 215-8777
mpreston@vjplawyers.com
mcarlasare@vjplawyers.com

**b. State the basis for federal jurisdiction.**

Jurisdiction before this Court is appropriate pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*

**c. Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff asserts claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**d. State the major legal and factual issues in the case.**

From Plaintiff's perspective, the major legal and factual issues in the case arise out of Plaintiff's employment relationship with the Defendant. Plaintiff alleges claims for sexual harassment and retaliation against Defendant and its employee, and that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Plaintiff alleges she is a member of a protected class, protested harassment, and that the Defendant and Defendant's employee acted in a willful and reckless disregard to her rights.

From the Defendant's perspective, Plaintiff did not suffer or report any sexual harassment or retaliation. Defendant alleges Plaintiff was never sexually harassed by any of Defendant's employees. Further, Defendant alleges Plaintiff never reported any such harassment despite having ample opportunity to do so. She also was never retaliated against by Defendant, but rather voluntarily abandoned her employment.

**e. Describe the relief sought by the plaintiff (and counter-claimant).**

Plaintiff seeks back pay and benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; pre-judgment and post-judgment interest; injunctive relief; liquidated damages; punitive damages; and reasonable attorneys' fees and costs.

**2. Pending Motions and Case Plan.**

**a. Identify all pending motions.**

Defendant was granted leave to appear, has filed an appearance, but is awaiting the Court's ruling on its pending Motion to Vacate Default Judgement Entered on April 13, 2023.

**b. Submit a proposal for a discovery plan, including the following information:**

**i. The general type of discovery needed;**

The parties anticipate seeking and producing both written and oral discovery, including: Rule 26(a)(1) Disclosures, written discovery, and depositions. Plaintiff will request her personnel file and all documents related to Plaintiff's employment by the Defendant throughout her employment. Plaintiff will provide documentation to prove the alleged violations set forth in the Complaint. Defendant anticipates producing testimony and any other evidence that Plaintiff never reported sexual harassment or retaliation.

**ii. A date for Rule 26(a)(1) disclosures;**

July 14, 2023

**iii. A date to issue the first-set of written discovery requests;**

July 21, 2023

**iv. A fact discovery completion date;**

December 15, 2023

**v. If there will be expert discovery, an expert discovery completion date, including dates for the deliver of expert reports (or summaries of non-retained expert discovery); and**

The parties do not anticipate expert discovery at this time.

**vi. A date for the filing of dispositive motions.**

January 12, 2024

**c. State whether a jury trial is requested and the probable length of trial.**

The parties demanded a jury trial. The parties expect a 3 to 5 day trial.

**3.   Consent to Proceed Before a Magistrate Judge**

**a. State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.**

The parties do not consent to proceed before a Magistrate Judge for purposes of discovery and settlement.

**4.   Status of Settlement Discussions**

**a. State whether any settlement discussions have occurred;**

Plaintiff has made an initial demand and is waiting for Defendant's response.

**b. Describe the status of any settlement discussions; and**

Plaintiff is awaiting Defendant's response regarding her initial demand.

**c. Whether the parties request a settlement conference.**

The parties believe a settlement conference may be beneficial, but request additional time to communicate regarding the potential for settlement before any is scheduled.

Respectfully Submitted,

June 16, 2023

*s/ Alexander Taylor*
Alexander Taylor, Esq
Sulaiman Law Group LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ Mario P. Carlasare
Meghan E. Preston (ARDC: 6293577)
Mario P. Carlasare (ARDC: 6308707)
Voorn, Jaworski, & Preston, PLLC
1938 E. Lincoln Highway, Suite 219
New Lenox, IL 60451
(815) 215-8777
mpreston@vjplawyers.com
mcarlasare@vjplawyers.com
*Attorneys for Defendant*

4